UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| JASON L. McCAWLEY | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No.3:14-0621 |
| | ] | Judge Trauger |
| OFFICER RAMSEY, et al. | ] | |
| Defendants. | ] | |


**M E M O R A N D U M**


The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Officers Ramsey and John Doe, members of the Davidson County Sheriff's Department, seeking damages.

On January 16, 2014, the plaintiff and two other inmates were placed in a van for transport from the Correctional Development Center-Male to the dental clinic at Meharry Hospital. The defendants were operating the van. During the trip, the driver slammed on the brakes. This sent the plaintiff flying into an iron cage where he suffered injuries to his back, neck and shoulder.

In essence, the plaintiff alleges that he was injured because of the defendants' negligent operation of the van. In addition, the plaintiff claims that he was refused medical treatment at the time of the incident.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

Negligent conduct is not actionable under § 1983 because it does not rise to the level of a

constitutional deprivation. Estelle v. Gamble, 97 S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, even if the defendants were negligent in their operation of the van, this is simply not sufficient to state a claim for § 1983 relief.

The plaintiff also complains that he was refused medical treatment at the time of the incident. He was injured, however, in route and was told by Officer Ramsey that he could get medical attention when they returned to the Correctional Development Center shortly. There are no allegations suggesting that the plaintiff was denied medical care when he returned to the facility. As a consequence, the defendants were not deliberately indifferent to the plaintiff's need for medical care.

In the absence of a constitutional violation, the plaintiff is unable to prove every element of his cause of action. Therefore, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge